FILED _____ LODGED
_____ RECEIVED
DEC - 1 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Kerinza Hill<br>7403 31st St. Court West<br>Apt. A<br>University Place, WA 98466<br><br>    Plaintiff,<br><br>v.<br><br>RentCollect Corporation<br>c/o Cathy Tetzlaff, Registered Agent<br>4033 120th Pl. SE<br>Everett, WA 98213<br><br>    Defendant. | CASE NO.: **C08 5721** JKA<br><br>JUDGE:<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

TAC-1783  No Summons

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around September 9, 2008, Defendant telephoned Plaintiff's place of employment.

10. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would garnish Plaintiff's wages.

11. On or around September 18, 2008, Defendant telephoned Plaintiff's place of employment.

12. During this communication, Plaintiff notified Defendant that she was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment,

13. During this communication, Defendant represented to Plaintiff that Defendant was entitled to call Plaintiff's place of employment one more time to garnish Plaintiff's wages.

14. During this communication, Defendant represented to Plaintiff that, unless Plaintiff set a payment plan immediately, Defendant would garnish Plaintiff's wages.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e by indicating that undetermined fees and costs would be collected.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren (Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*